# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CHARLES WARD,**

    Petitioner,

v.                                                    **CIVIL ACTION NO. 3:11-CV-42**
                                                        **CRIMINAL ACTION NO. 3:09-CR-32**
                                                        **(BAILEY)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATIONS THAT § 2255 BE DENIED

I.    Introduction

On this day, the above-styled matter came before the Court for consideration of the two pending Reports and Recommendations of United States Magistrate Judge James E. Seibert. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a report and a recommended disposition ("R & R"). Magistrate Judge Seibert filed his original R & R on October 13, 2011 [Crim. Doc. 123 / Civ. Doc. 4], and the second R & R on December 22, 2011 [Crim. Doc. 134 / Civ. Doc. 8]. In these filings, the magistrate judge recommended that this Court deny the petitioner's application under 28 U.S.C. § 2255. This Court agrees with this conclusion.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Objections to Magistrate Judge Seibert's R & R were due within fourteen (14) days of being served with a copy, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The Court's docket reflects that the petitioner timely filed objections to the original R & R on October 21, 2011 [Crim. Doc. 124], and to the second R & R on December 28, 2011 [Crim. Doc. 135]. Accordingly, this Court will review those portions to which the petitioner objects under a *de novo* standard of review. The remaining portions will be reviewed for clear error.

II.  Applicable Law

To demonstrate ineffective assistance of counsel, a defendant must show that his "counsel's representation fell below an objective standard of reasonableness," and that the error was "prejudicial to the defense" such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Stickland v. Washington**, 466 U.S. 668, 688 (1984). If a defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. **Fields v. Attorney Gen. of Maryland**, 956 F.2d 1290, 1297 (4th Cir.), *cert. denied*, 506 U.S. 885 (1992). Accordingly, this Court will review the prejudice component first.

III. Discussion

   A.   The Second R & R [Crim. Doc. 134 / Civ. Doc. 4]

The meat of the petition asserts ineffective assistance of counsel based upon defense counsel's alleged failure to advise that the defendant could have a hearing to challenge relevant conduct. The magistrate judge held an evidentiary hearing pursuant to the original report and recommendation to address the sole issue of whether and why counsel failed to inform his client of the possibility of holding a relevant conduct hearing. Subsequent to that hearing, which was held on December 5, 2011, the magistrate judge issued his second report and recommendation in which he found counsel to be ineffective, but that the defendant failed to meet his burden of establishing prejudice. Thus, the R & R again recommends dismissal of the petition.

This Court has reviewed the above and agrees with the magistrate judge's conclusion, but relies on different reasoning. Specifically, this Court finds that the issue of relevant conduct was not critical to the sentencing process because the petitioner is a career offender. It was the finding of career offender which established the appropriate guideline level, making the relevant conduct essentially irrelevant. Accordingly, petitioner fails to demonstrate that he was prejudiced by any such deficiencies as required by the second prong of **Strickland**.

In this case, the sentencing judge found the defendant to be a career offender. Pursuant to U.S.S.G. 4B1.1(a) the defendant was "at least 18 years of age at the time he committed" the instant offense and has at least two prior felony convictions of a controlled substance. Under U.S.S.G. § 4B1.1, the guidelines for a career offender provide for a

3

base offense level of 34, less two offense levels for acceptance of responsibility, resulting with a total offense level 32. With a criminal history category of VI, the guidelines provided a sentencing range of 210-262 months. The Judge sentenced the defendant below the advisory guideline range to a sentence of 200 months. Under the 2007 and 2010 crack guideline amendments, the base offense level for a career offender did not change. Accordingly, this Court would not have applied a different guideline range even if the petitioner been successful in challenging relevant conduct. Thus, the petitioner suffered no prejudice as a result of the alleged ineffective assistance of counsel.

### B. The Original R & R [Crim. Doc. 123 / Civ. Doc. 4]

#### 1. Ineffective Assistance Based Upon Counsel's Alleged Failure to Acknowledge Special Assessment Fee

The petitioner argues that counsel ignored the provision in the plea agreement which required him to pay the $100.00 special assessment fee within forty (40) days of entry of his guilty plea and, instead, counsel depended upon an oral conversation that he had with the Government in which counsel informed that the petitioner would receive the third point reduction. Petitioner admits he did not have the financial means to pay the fee, but that he "may well have been able to marshal the money to satisfy the assessment from friends and family members."

With regards to the petitioner's knowledge of the $100.00 assessment fee, the record clearly reflects in writing that "[c]ontingent upon the defendant's payment of the $100 special assessment fee within 40 days following the entry of his plea, the United States will make the following nonbinding recommendations . . .." The same is shown in the express,

4

written plea agreement, the PSR, and the transcript of the Rule 11 change of plea hearing.

A petitioner collaterally attacking his sentence or conviction bears the burden of proving by a preponderance of the evidence that his sentence or conviction was imposed in violation of the Constitution of the United States, that the Court lacked jurisdiction, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.  See 28 U.S.C. 2255, *see also* **Sutton v. United States**, 2006 WL 36859, at *2 (E.D. Va. Jan. 4, 2006).

This Court does not find that there is a reasonable probability that the result of the proceeding would have been different had Ward been properly advised regarding the necessity to timely pay the special assessment.  In the alternative, the petitioner claims that counsel should not have advised him to enter into the plea agreement requiring him to pay the special assessment within forty (40) days because counsel knew that he did not have the ability to pay.  The petitioner does not assert that he would not have taken the plea had counsel properly informed him of the special assessment fee.  Further, the petitioner received several benefits by entering into this agreement.  For example, he had all five remaining counts of the Indictment dismissed.  Additionally, he did receive a two-level reduction for acceptance of responsibility.  Finally, this Court did take into account that the defendant was indigent in its imposition of the sentence, which was below the advisory guideline range.  Based upon the above, this Court finds the petitioner has failed to demonstrate that counsel's advice to take the plea fell below an objective standard of reasonableness which caused him prejudice.  *See* **Strickland**, at 689 (noting that "a court

5

must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy"). In light of the above, this Court finds that the petitioner has not made the requisite showing that he was prejudiced by entering into this plea agreement.

        2.        Ineffective Assistance Based Upon Counsel's Alleged Failure to Undertake an Adequate Investigation

Petitioner also argues that counsel was ineffective for his alleged failure to undertake an adequate investigation. Petitioner fails, however, to identify what physical or testimonial evidence, or what other legal or factual trial defenses were available that gave rise to counsel's duty to further investigate (aside from the relevant conduct issue). *See* **Bassette v. Thompson**, 915 F.2d 932, 940-41 (4th Cir. 1990) (a petitioner must explain what additional evidence would have been obtained from the additional interviews or meetings). Seeing as the petitioner places all his stock in the relevant conduct issue, this Court finds that the petitioner fails to meet his burden to show that counsel was ineffective. Indeed, the petitioner claims his plea was not voluntary because he was not informed as to a third option where he could challenge relevant conduct. As illustrated above, this third option would not have affected the outcome of this case because the offense level for a career offender does not change. Therefore, this "third option" was not truly an option, and knowledge of the same would not have changed the general pool of information regarding the effect of signing the plea agreement. Had counsel accurately flushed out this issue, the end result would have provided the defendant with the same choice between pleading

guilty or going to trial.

IV.     Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's **Reports and Recommendations [Crim. Doc. 134 / Civ. Doc. 8] and [Crim. Doc. 123 / Civ. Doc. 4]** should be, and is, hereby **ORDERED ADOPTED IN PART** consistent with the above analysis.   Accordingly, the Court hereby **DENIES** the petitioner's application under 28 U.S.C. § 2255 **[Crim. Doc. 111 / Civ. Doc. 1]**, and **DISMISSES IT WITH PREJUDICE**.  As a final matter, the pending Motion to Strike Petitioner's Untimely Reply Made to its Response **[Crim. Doc. 119]** is **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED:** January 19, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE